UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MERIAH LYNN GRIFFITH,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 3:15-cv-00755-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. Under 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On August 25, 2011, plaintiff filed an application for disability insurance benefits, alleging disability as of July 28, 2011, which was denied on initial administrative review. *See* Dkt. 7, Administrative Record (AR) 59, 69. A hearing was held before an administrative law judge on October 21, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 45-58.

The ALJ determined plaintiff to be not disabled in a decision dated December 13, 2013.

ORDER - 1

*See* AR 25-36. Plaintiff's request for review of that decision was denied by the Appeals Council on November 21, 2104, making it the Commissioner's final decision. *See* AR 5-11; 20 C.F.R. § 404.981, § 416.1481. On May 14, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's decision. *See* Dkt. 1. The administrative record was filed on July 21, 2015. *See* Dkt. 7. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's decision should be reversed and remanded for an award of benefits because the ALJ erred in evaluating the medical opinions from William Welsh, D.O., and David French, Ph.D., and in discounting plaintiff's credibility. For the reasons set forth below, the Court agrees the ALJ erred in discounting plaintiff's credibility, and therefore erred in determining plaintiff to be not disabled on this basis, but finds this matter should be reversed and remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987))).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation

ORDER - 2

omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.'") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971))). [1]

I.  The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. *Id.* The Court should not "second-guess" this credibility determination, and may not reverse that determination where it is based on contradictory or ambiguous evidence. *Id.* at 579-80. That some of the reasons the ALJ gave for discrediting a claimant's testimony should properly be discounted does not render the credibility determination invalid, as long as it is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ must provide "specific, cogent reasons for" rejecting a claimant's subjective complaints. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's complaints must be "clear and convincing." *Lester*, 81 F.2d at 834.

In assessing a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of the claimant's symptoms. *See id.*

In assessing plaintiff's credibility, the ALJ stated:

> There is some question as to the claimant's credibility with regard to the issue of her alleged functional limitations due to various inconsistencies in the record. For example, as described above, she has reported that symptoms associated with her medically determinable impairments have caused significant functional limitations and represented that she is unable to sustain gainful employment. This is contradicted by evidence in the record that the claimant can perform a wide range of activities of daily living, such as preparing basic meals, light cleaning, laundering clothes, and grocery shopping, without significant issue (Exhibits 3E at 4-5 and 5E at 4-5). Activity at this level does not comport with the claimant's allegations as to symptom severity relative to her functional limitations. The claimant has further alleged that symptomatology of her severe impairments has resulted in significantly reduced social functioning. This is unsupported by the record, which reflects that the claimant has a normal relationship and regular social interaction with her sister (Exhibits 3E at 6 and 5E at 6). Social functioning at this level is inconsistent with the claimant's allegations regarding the severity of her symptoms and functional limitations.

AR 30. Plaintiff argues, and the Court agrees, these are not clear and convincing reasons for discounting her credibility.

To determine whether a claimant's symptom testimony is credible, the ALJ may consider

ORDER - 4

his or her daily activities. *Smolen*, 80 F.3d at 1284. However, such testimony may be rejected only if the claimant "is able to spend a substantial part of his or her day performing household chores or other activities that are transferable to a work setting," or the claimant's activities otherwise "contradict his [or her] other testimony." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *Id.* at 1284 n.7. While the record does show plaintiff engaged in activities of daily living, it is at a much more limited level than the ALJ indicates. *See* 139-45, 154-61, 542, 587; *Reddick*, 157 F.3d at 722 (recognizing "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations").

As plaintiff notes, furthermore, the ability to relate with one's own family members does little to indicate a person's ability to maintain relationships with others, both in general and in the context of a work setting. In addition, the record largely indicates that although she had been fairly social outside her immediate family in the past, plaintiff is far more limited in that regard now. *See* AR 139, 143-44, 154, 158-59, 542. Defendant argues any error committed by the ALJ here is harmless. The Court disagrees.

An error is harmless only if it is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision."). Citing *Molina v. Astrue*, 674 F.3d 1104, 1119 (9th Cir. 2012), defendant argues an ALJ's error in evaluating lay witness testimony is harmless where the erroneously evaluated testimony is contradicted by "more reliable evidence that the ALJ credited." There are several problems with this argument.

First, the Ninth Circuit in *Molina* was dealing with an ALJ's failure to properly evaluate lay witness testimony from third parties, not the claimant. As noted above, to reject a claimant's

ORDER - 5

subjective complaints where there is no affirmative evidence of malingering, the ALJ must offer specific, clear, convincing and cogent reasons for doing so, while rejecting lay witness testimony from third parties merely requires "germane" reasons. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Clearly, an ALJ must provide a much stronger basis for rejecting claimant testimony than for rejecting that from third party lay witnesses. Indeed, unlike the latter, claimant testimony may not be rejected "solely because the degree of [symptoms] alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (citation omitted); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Second, given as explained above that the ALJ failed to provide any legitimate reasons for rejecting plaintiff's subjective complaints, it is far from clear that the medical evidence the ALJ credited can be said to be "more reliable" here. To the extent defendant is arguing an ALJ properly may reject claimant testimony because *in general* medical evidence is more reliable, such a position clearly has been rejected not only with respect to claimant testimony but third party lay witness testimony as well. *See Bruce v. Astrue*, 557 F.3d 1113 (9th Cir. 2009); *Orteza*, 50 F.3d at 749-50. Accordingly, given that it cannot be said that ALJ's ultimate decision still would have been supported by substantial evidence had the ALJ properly evaluated plaintiff's subjective complaints, the ALJ's error here was not harmless.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, an ALJ's decision is reversed, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation," and it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits

ORDER - 6

is appropriate." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, they should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because the ALJ failed to provide valid reasons for rejecting plaintiff's subjective complaints, issues still remain concerning her residual functional capacity, as well as her ability to perform other work, and therefore whether or not she is disabled.[2]

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Accordingly, defendant's decision to deny benefits is REVESED and this matter is REMANDED for further administrative proceedings.

DATED this 9th day of November, 2015.

Karen L. Strombom
United States Magistrate Judge

---

[2] In assessing a claimant's RFC, the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling 96-8p, 1996 WL 374184, at *2. RFC is what the claimant "can still do despite his or her limitations," and is used to determine whether he or she is capable of performing other work. *Id.* Given the ALJ erred in discounting plaintiff's credibility, it is far from clear that the ALJ's assessment of her RFC completely and accurately describes all of plaintiff's residual functional limitations (*see* AR 29-35), and therefore that it provides an accurate basis for assessing her ability to perform other work and thus her eligibility for disability benefits.

ORDER - 7